IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Jowan Craig,<br><br>       Petitioner,<br>vs.<br><br>Warden Lieber Correctional Institution,<br><br>       Respondent. | C/A No. 6:19-624-JFA-KFM<br><br><br><br>**ORDER** |

## I. INTRODUCTION

Kenneth Jowan Craig, ("Petitioner"), is currently incarcerated at Lieber Correctional Institution. Petitioner, proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On June 20, 2019, Warden ("Respondent") filed a Motion for Summary Judgment and filed a return with a memorandum of law in support. (ECF No. 19 & 20). On June 21, 2019, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (ECF No. 21). On July 22, 209, Petitioner filed a Motion for Extension of Time to file his response, which was granted on July 24, 2019. (ECF No. 23 & 24). The Magistrate Judge ordered Petitioner to respond by August 26, 2019. (ECF No. 24). Petitioner did not file a timely response. On August 29, 2019, the Magistrate Judge extended Petitioner's time to respond to September 17, 209. (ECF No. 27). Petitioner did not file a timely response.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge. The Magistrate Judge assigned to this action[1] prepared a

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court.

thorough Report and Recommendation ("Report") and opines that this Court dismiss this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Petitioner was advised of his right to object to the Report, which was entered on the docket on September 30, 2019. (ECF No. 31). Petitioner filed timely objections to the Report ("Objections") on October 18, 2019. (ECF No. 33). Respondent filed a Reply to the Objection to the Report and Recommendation on October 31, 2019. (ECF No. 35). Thus, this matter is ripe for review.

## II. LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

### III. DISCUSSION

The Magistrate Judge opines that this action should be dismissed for lack of prosecution pursuant to Rule 41(b) because Petitioner has failed to respond to Respondent's Motion for Summary Judgment. In his Objections, Petitioner explains that he has not responded because he has not had adequate access to the law library to do the necessary legal research. (ECF No. 33). Petitioner requests "the District Court Judge to grant leave for additional time to properly respond and continue this case." (ECF No. 33). In his Reply, Respondent construes Petitioner's Objections as a motion for an extension of time and argues that it should be denied. (ECF No. 35). This Court will also construe Petitioner's Objections as a motion for an extension of time to respond to Respondent's Motion for Summary Judgment. (ECF No. 33 & 19). This Court disagrees with the Report's recommendation that this action should be dismissed and Respondent's argument that Petitioner's Motion should be denied. Petitioner has presented adequate reasons for his delay in response, and therefore, his Motion for an Extension of Time is granted. (ECF No. 33).

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court declines to adopt the Report and Recommendation. (ECF No. 31). Petitioner's motion for an extension of time is granted and he shall have an additional 21 days from the date of this Order to respond to Respondent's Motion for Summary Judgment. (ECF No. 19 & 20). This is the last and final extension. Accordingly, this case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 5, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge