IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Kenneth Jowan Craig, | |
|---|---|
| Petitioner, | C/A No. 6:19-624-JFA-KFM |
| vs. | |
| Warden Lieber Correctional Institution, | **ORDER** |
| Respondent. | |

## I. INTRODUCTION

Kenneth Jowan Craig, ("Petitioner"), is currently incarcerated at Lieber Correctional Institution. Petitioner, proceeding *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On June 20, 2019, Warden ("Respondent") filed a Motion for Summary Judgment and filed a return with a memorandum of law in support. (ECF No. 19 & 20). On June 21, 2019, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (ECF No. 21). On July 22, 209, Petitioner filed a Motion for Extension of Time to file his response, which was granted on July 24, 2019. (ECF No. 23 & 24). The Magistrate Judge ordered Petitioner to respond by August 26, 2019. (ECF No. 24). Petitioner did not file a timely response. On August 29, 2019, the Magistrate Judge extended Petitioner's time to respond to September 17, 2019. (ECF No. 27). Petitioner did not file a timely response.

On September 30, 2019, the Magistrate Judge issued a Report and Recommendation that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 31). On October 18, 2019, Petitioner timely filed Objections (ECF No. 33) to the Report, and the Respondent filed a Response to the Petitioner's Objections on October 31, 2019. (ECF No.

35). In his Objections, Petitioner argued that he needed more time to respond to the Motion for Summary Judgment because he has been denied adequate access to legal resources. (ECF No. 33).

On February 5, 2020, this Court declined to adopt the Magistrate Judge's Report and Recommendation and interpreted Petitioner's Objections as a motion for extension of time to file a response to the motion for summary judgment which this Court granted. (ECF No. 37). This Court granted Petitioner an additional twenty-one days from the date of the Order to respond to the Motion for Summary Judgment and advised that this would be the last and final extension. *Id.*

On February 24, 2020, Petitioner filed a Motion for Voluntary Dismissal requesting the Court to dismiss his Habeas Corpus application without prejudice. (ECF No. 40).

On March 2, 2020, the Magistrate Judge issued a second Report and Recommendation that this action be dismissed without prejudice. On March 9, 2020, Respondent timely filed Objections. (ECF No. 47). Thus, this matter is ripe for review.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge. The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Petitioner's Motion for Voluntary Dismissal without prejudice. (ECF No. 45).

II. **LEGAL STANDARD**

The Court is charged with making a *de novo* determination of those portions of the Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). Federal Rule of Civil Procedure 41(a)(2) states "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

### III. DISCUSSION

The Magistrate Judge opines that this Court should grant Petitioner's motion for dismissal of this action without prejudice. (ECF No. 45). In his Objections, Respondent argues the Magistrate Judge erred in recommending dismissal of this action because the statute of limitations will bar Plaintiff's attempt to relitigate these claims in the future. However, a Plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant. *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 (4th Cir. 1972). Here, there is no evidence that the Respondent will suffer substantial prejudice as a result of dismissal of the instant action. Although Plaintiff runs the risk of his own claims being barred by the statute of limitations, Plaintiff is also the master of his own claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2430 (1987). Under Rule 41(a)(2), Petitioner has the right to request his action be dismissed and without substantial prejudice to Respondent, this Court has no reason to deny his request.

Petitioner should be aware of the applicable statute of limitations on his claims. A one-year statute of limitations applies to any petition for a writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d). Specifically, 28 U.S.C. § 2244(d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review; or

    (C) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Additionally, Petitioner is advised that the filing of this habeas petition does not toll the federal time limitation. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). If Petitioner attempts to relitigate his claims in the future, Respondent has made clear that he plans to assert the one-year limitation period contained in § 2244(d) as an affirmative defense. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Therefore, this Court adopts the Magistrate Judge's recommendation (ECF No. 45) and overrules Respondent's objection. (ECF No. 47).

In his Objections, Respondent argues that Petitioner's request for dismissal is simply an attempt to avoid an adverse ruling by this Court. (ECF No. 47). However, this Court agrees with the Magistrate Judge's conclusion that Petitioner's request for dismissal is most likely for the same reason as his previous motions for extension of time. (ECF No. 33). In his previous motions, Petitioner explained that he needed more time to respond because he had limited access to the law library due to limited staff, lockdown procedures, and several weeks of computer outages. *Id.* Therefore, this Court adopts the Magistrate Judge's recommendation (ECF No. 45) and overrules Respondent's objection. (ECF No. 47).

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court adopts the Report and Recommendation. (ECF No. 45). Petitioner's motion for voluntary dismissal is granted.[2] (ECF No. 40). Accordingly, the Petition is dismissed without prejudice. (ECF No. 1).

IT IS SO ORDERED.

March 23, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] To the extent that there is any question as to whether Respondent would be barred from raising the affirmative defense of the statute of limitations against Petitioner's future claims, the dismissal of the instant action without prejudice also applies to Respondent's right to assert this defense.